# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation,<br><br>         Plaintiff,<br>vs.<br>SUDHA PATEL, an individual; NAVNIT PATEL, an individual; KETAN PATEL, an individual; and SHIVA-OM, INC., a California Corporation,<br><br>         Defendants. | CASE NO. 12cv3042-WQH-WMc<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Attorneys' Fees filed by Plaintiff Choice Hotels International, Inc. ("Choice Hotels"). (ECF No. 26).

## I. Background

On December 21, 2012, Plaintiff initiated this action by filing a Complaint in this Court. (ECF No. 1). The Complaint alleges claims for (1) federal trademark infringement in violation of 15 U.S.C. § 1114, (2) false designation of origin in violation of 11 U.S.C. § 1125(a), (3) unfair competition in violation of California Business & Professions Code § 17200, (4) trademark infringement in violation of California Business & Professions Code § 14245, and (5) anti-cybersquatting in violation of 15 U.S.C. § 1125(d). The Complaint seeks damages, injunctive relief and attorneys' fees and costs.

On February 11, 2013, the Clerk of the Court entered default as to the individual

1  Defendants. (ECF Nos. 11-13). On March 7, 2013, the Clerk of the Court entered
2  default as to corporate Defendant Shiva-Om. (ECF No. 17). On April 2, 2013, Plaintiff
3  filed the Motion for Default Judgment against all Defendants. (ECF No. 19).
4  Defendants did not file a response to the Motion for Default Judgment.

5      On June 11, 2013, the Court granted the Motion for Default Judgment (ECF No.
6  21), and entered Judgment against Defendants (ECF No. 23). The Court permanently
7  enjoined Defendants from using any of the marks in the Plantiff's Econo Lodge family
8  of marks, awarded damages and concluded that Plaintiff is entitled to an award of
9  reasonable attorneys' fees.

10     On July 11, 2013, Plaintiff filed the Motion for Attorneys' Fees. (ECF No. 26).
11 In support of the motion, Plaintiff submitted a memorandum, a declaration and an
12 exhibit. The motion contains a certificate of service, indicating that the motion was
13 served upon Defendants.

14     The docket reflects that Defendants have not filed a response to the Motion for
15 Attorneys' Fees.

16 **II.  Discussion**

17     In the June 11, 2013 Order, the Court concluded that Plaintiff is entitled to
18 reasonable attorneys' fees and costs pursuant to the Lanham Act, 15 U.S.C. § 1117(a).
19 (ECF No. 21 at 11). The sole remaining issue is whether the amount of fees and costs
20 sought by Plaintiff is reasonable.

21     Plaintiff seeks its "attorney's fees incurred in this case, in the amount of
22 $17,225.00." (ECF No. 26). In a declaration, Plaintiffs' counsel, Kimberly D. Howatt,
23 states that invoices rendered on behalf of Plaintiff from December 2012 through July
24 2013 reflect 50.7 hours of attorney hours performed by Plaintiff's counsel, billed at an
25 hourly rate of $325. (ECF No. 26-2). Howatt's declaration states that, "[i]ncluding an
26 additional amount of time billed on this matter in June and July 2013, the total amount
27 of attorney's fees incurred by Choice Hotels are at least $17,225.00." *Id*.

28     "In the Ninth Circuit, the customary method of determining the permissible

amount of attorneys' fees ... is the 'lodestar' method. The lodestar method multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quotation omitted). "After making [the lodestar] computation, courts then assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors." *Id*. (citation omitted). The twelve factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id*. (citing, *inter alia*, *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "[O]nly in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id*. (citations omitted).

After reviewing Plaintiff's Motion for Attorneys' Fees, Howatt's declaration, the attached evidence and the record in this case, the Court concludes that Plaintiff has accurately calculated its requested fees according to the lodestar method, and that the requested hourly rate and the requested amount of hours are reasonable. The Court concludes that the presumptively reasonable lodestar figure of $17,225.00 should not be adjusted on the basis of the applicable factors.

**III.   Conclusion**

IT IS HEREBY ORDERED that the Motion for Attorneys' Fees is **GRANTED**. (ECF No. 26). Plaintiff is awarded $17,225.00 in attorneys' fees.

DATED: October 4, 2013

**WILLIAM Q. HAYES**
United States District Judge